UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYRELL MICHAEL GARCIA and DOROTHY GARCIA,

                                                Plaintiff,

                  -against-

NEW YORK CITY, DETECTIVE SEAN WARD of the 105th precinct and UNIDENTIFIED POLICE OFFICER,

                                                Defendants.

**ANSWER**

07 CV 10441 (TPG)(JCF)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York (s/h/a "New York City") and Detective Sean Ward by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        3. Deny the allegations set forth in paragraph "3 of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

        5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        6. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation organized and existing pursuant to the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Detective Sean Ward was employed by the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admits that the City of New York is a municipal corporation and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admits that the City of New York is a municipal corporation and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiff purports to bring this action as stated herein.

12. Paragraph "12" of the Complaint contains conclusions of law to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that a dog from the K-9 unit was utilized to apprehend the plaintiff.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-42" inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-48" inclusive of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Paragraph "53" of the Complaint contains conclusions of law to which no response is required.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admits that a document purporting to be a notice of claim was received by the City of New York on or about August 22, 2007.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. In response to the allegations set forth in paragraph "59" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-59" inclusive of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-63" inclusive of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. In response to the allegations set forth in paragraph "68" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-68" inclusive of this answer, as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-72" inclusive of this answer, as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. In response to the allegations set forth in paragraph "83" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-83" inclusive of this answer, as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

89. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

90. At all times relevant to the acts alleged in the complaint, the duties and functions of defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

91. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

92. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

93. Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with New York General Municipal Law §§ 50-e and 50-i.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

94. There was probable cause for the plaintiff's arrest, detention, and prosecution..

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

95. Plaintiff provoked the incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

96. Plaintiffs claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

97. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

98. Defendant Ward has not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore is protected by qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

99. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE:

100. At all times relevant to the acts alleged in the complaint, defendant Ward acted reasonably in the proper and lawful exercise of his discretion.

**AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

101.   Defendant Ward was not personally involved in the allegations set forth in the Complaint.

**AND AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

102.   Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           February 19, 2008

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the
>                    City of New York
>                    Attorneys for Defendants City of New York,
>                    and Detective Sean Ward
>                    100 Church Street
>                    New York, New York 10007
>                    (212) 788-9580
>
>              By:   /s/
>                    Afsaan Saleem (AS 2012)
>                    Senior Counsel

TO:     Fred Lichtmacher, Esq. (By ECF)

Index No. 07 CV 10441 (TPG)(JCF)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRELL MICHAEL GARCIA and DOROTHY GARCIA,

                              Plaintiff,

-against-

NEW YORK CITY, DETECTIVE SEAN WARD of the 105th precinct and UNIDENTIFIED POLICE OFFICER,

                              Defendants.

---

## ANSWER

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Afsaan Saleem*
*Tel:  (212) 788-9580*
*NYCLIS No.*

---

*Due and timely service is hereby admitted.*

*New York, N.Y............................................. , 2007..*

*...................................................................... Esq.*

*Attorney for .............................................................*