UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TYRELL MICHAEL GARCIA and                        **07-cv-10441-TPG**
DOROTHY GARCIA

                             Plaintiffs,       **AMENDED COMPLAINT**

       -against-

NEW YORK CITY,
DETECTIVE SEAN WARD of the 105th precinct
and UNIDENTIFIED POLICE OFFICER.

                                       **JURY TRIAL DEMANDED**

                  _____ Defendant(s).
---------------------------------------------------------X

       The plaintiffs, complaining of the defendants, by their attorney, FRED LICHTMACHER,

ESQ., respectfully show to this Court and alleges:

## JURISDICTION

1       Jurisdiction is founded upon the existence of a Federal Question.

2       This is an action to redress the deprivation under color of statute, ordinance, regulation,

custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth and

Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as

well as pursuant to the common law of the State of New York.

3       Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4       Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

5       That this Court has jurisdiction to hear plaintiffs' state claims pursuant to 28 U.S.C. Section

1367.

## PARTIES

6       That the plaintiffs, TYRELL MICHAEL GARCIA and DOROTHY GARCIA are African-

Americans and they are residents of Queens County in the City and State of New York.

7       Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF

NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York, and that at all times relevant the defendants New York City

Police Officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8    Upon information and belief, that at all times hereinafter mentioned, defendants DETECTIVE SEAN WARD of the 105th precinct and UNIDENTIFIED POLICE OFFICERS were all employed by the defendant, NYC, as members of its police department.

9    Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10    The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11    This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the common law of the State of New York.

12    Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

13    On August 14, 2007, plaintiff Tyrell Michael Garcia assisted the police in getting an acquaintance, a suspect in a crime, to surrender to the authorities.

14    As he did so, he was thanked by the police officers at the scene, defendants Unidentified Police Officers.

15    Tyrell Michael Garcia returned home at approximately 3:30 pm and he and his grandmother, plaintiff Dorothy Garcia, were in their home at 131-18 229th Street, Laurelton NY when three defendant

Unidentified Officers came to the door screaming, cursing and yelling for plaintiff Tyrell Michael Garcia to come out of his house.

16     Tyrell Michael Garcia asked why and refused to exit the house with no reason given with the officers so obviously out of control.

17     The officers threatened the Garcias that they were going to arrest them and take Dorothy Garcia's great granddaughter away to ACS if Tyrell Michael Garcia did not exit the house.

18     The defendants stated that Tyrell Michael Garcia's offense was driving with a broken tail light.

19     Defendants did not have a warrant, nor did they have an exigent circumstance.

20     The defendants illegally entered the foyer to the home, without permission and without an exigent circumstance and began pushing the inside door with plaintiffs holding it as they screamed and threatened the Garcias.

21     The door was broken by the defendants' pushing on it.

22     Defendants told Dorothy Garcia that if she did not let them enter they were going to come back with a warrant and tear her home apart.

23     Defendant Sean Ward illegally reached into the home and grabbed at the plaintiff Tyrell Michael Garcia.

24     Tyrell Michael Garcia ran out the back exit of the house terrified the officers who were screaming yelling and cursing at him, would hurt him as he had seen them abuse other African-American young men.

25     The defendants damaged the door to the home as they illegally entered and ran through the home.

26     In plaintiffs' neighborhood, patrolled by officers of the 105th precinct, the residents, particularly the young black males, are frequently stopped and abused by officers without reason  and without a reasonable suspicion, or probable cause to believe that the males have committed a crime.

27     The plaintiff Tyrell Michael Garcia is frequently stopped and abused by officers in his neighborhood from the 105th precinct without reason and without a reasonable suspicion, or probable cause to believe that he has committed a crime.

28     Tyrell Michael Garcia was and is terrified of the police which is why he ran, in spite of his having

–3–

committed no offense.

29      The defendants, without any discernible justification, cordoned off the entire block, called for the SWAT team and called for helicopters to look for Tyrell Michael Garcia.

30      Tyrell Michael Garcia, terrified of the out of control officers, hid in a neighbor's garage.

31      When the officers showed up at the garage and lifted the door to the garage, Tyrell Michael Garcia yelled "I give up" and he placed his hands in front of him as he lay face down on the floor.

32      Despite the plaintiff having surrendered, the defendants began kicking, punching and hitting him with their guns as he yelled in pain.

33      The defendants then allowed and encouraged a dog from the K-9 Unit to bite the plaintiff.

34      Defendants lifted Tyrell Michael Garcia from the ground in handcuffs and intentionally roughly dragged his body against a fence causing further injury to him while calling him cupcake and referring to the process of rubbing him against the fence as "cheese grater."

35      Plaintiff was placed in an RMP where he requested that two female Unidentified Officers bring him to the hospital, due to his bleeding and his injuries on his face, leg, arm, chest, ribs and back, but they refused.

36      Plaintiff was brought to the 105th precinct and kept there for hours.

37      Plaintiff was interrogated regarding a murder he was not involved in and never charged with being involved in.

38      Plaintiff was bleeding and in pain while he was being interrogated and the defendant interrogator delayed getting him medical treatment while he interrogated him.

39      After approximately two hours an ambulance was finally came to the precinct and plaintiff was brought to North Shore Hospital, formerly Long Island Jewish Hospital, for treatment.

40      On August 14, 2007 at approximately 3:30 pm, defendants told several of plaintiffs' neighbors that Tyrell was a crazy man with a gun and a murder suspect, when in fact, Tyrell Michael Garcia had no gun and was not a murder suspect and is not crazy.

41      Tyrell Michael Garcia was charged only with a broken tail light, having no insurance on his car

and B misdemeanor trespass for hiding in his neighbor's garage.

42     After numerous court appearances, on February 5, 2008 the false charges against Tyrell Michael Garcia were all dismissed pursuant to a motion brought by the Queens District Attorney.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF TYRELL MICHAEL GARCIA VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA THE USE OF EXCESSIVE AND UNREASONABLE FORCE

43     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44     That plaintiff Tyrell Michael Garcia's rights have been violated under the Fourth Amendment of the United States Constitution  made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted plaintiff as he tried to surrender and who intentionally caused the police dog to bite him.

45     That the excessive force the plaintiff was subjected to, was effected by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

46      As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

47     That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically,  requiring plaintiff to receive medical treatment, including but not limited to, treatment in a hospital, he is permanently scarred, he was subjected to physical pain, humiliation, embarrassment, anxiety,  humiliation, he will incur medical expenses, he was and is still subjected to various ongoing physical and emotional harms, he was prevented from performing his necessary affairs of business and

that the plaintiff was otherwise harmed.

48      That by reason of the aforesaid, the plaintiff Tyrell Michael Garcia has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

<u>**AS AND FOR AN SECOND CAUSE OF ACTION**</u>
<u>**ON BEHALF OF PLAINTIFF**</u>
<u>**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**</u>
<u>**NEW YORK STATE LAW VIA**</u>
<u>**BATTERY**</u>

49      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

50      That the battery that the plaintiff Tyrell Michael Garcia was subjected to was effected by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and that the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

51      As a direct result of defendants' actions, plaintiff was subjected to an illegal, unjustified battery in violation of the common law of the State of New York.

52      That by reason of the defendants' battery of Tyrell Michael Garcia, the plaintiff was harmed physically, requiring plaintiff to receive medical treatment, including but not limited to, treatment in a hospital, he is scarred, he was subjected to physical pain, humiliation, embarrassment, anxiety, he will incur medical bills, that he was and is still subjected to various ongoing physical and emotional harms, he was prevented from performing his necessary affairs of business and that the plaintiff was otherwise harmed.

53      That the defendant NYC is vicariously liable to the plaintiffs for the individual defendants' common law torts via the principle of respondeat superior.

54      That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

55      That on or about August 21, 2007, a Notice of Claim was served on the Comptroller of the City

of New York.

56      That more than 30 days have passed since plaintiffs' Notice of Claim has been served upon the Comptroller and no effort to adjust or settle plaintiff's claim has been made.

57      That to date no 50H Hearing has been conducted as to plaintiffs.

58      That this cause of action is commenced within one year and ninety days of when this cause of action arose.

59      That by reason of the aforesaid, the plaintiff Tyrell Michael Garcia has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and he is entitled to an award of punitive damages.

## AS AND FOR AN THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AND
## FOURTEENTH AMENDMENTS VIA
## AN ILLEGAL ENTRY AND SEARCH

60      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

61      That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiffs had their home illegally entered and searched, without their permission and without an exigent circumstance or any other legal justification.

62      That by reason of the illegal entry and search, the plaintiffs were subjected to great indignities, humiliation and anxiety, their property was damaged and that they were subjected to other harms.

63      That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed FIFTY THOUSAND ($50,000.00) DOLLARS (each) they are entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR AN FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TYRELL MICHAEL GARCIA
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK VIA DEFAMATION
## AND DEFAMATION PER SE

64      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

65      That plaintiff Tyrell Michael Garcia's rights have been violated pursuant to the common law of the State of New York via defamation and defamation per se.

66      That the defendants told several of plaintiffs' neighbors that Tyrell Michael Garcia was a crazy man with a gun and a murder suspect, when in fact, Tyrell Michael Garcia had no gun, was not a murder suspect and is not crazy.

67      That as a result of defendants' false and defamatory statements, plaintiff has been damaged in his reputation in the community.

68      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and he is entitled to an award of punitive damages.

### AS AND FOR AN FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA AN ASSAULT

69      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

70      That on the aforementioned date, time and place the defendants committed the tort of assault against the plaintiffs by causing them to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York law.

71      That by reason of the aforesaid, committed by defendants, plaintiffs suffered emotional injuries, including but not limited to fear of the police and that they were otherwise damaged.

72      That by reason of the aforesaid the plaintiffs have been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS (each) and they are entitled to awards of punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

–8–

## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH
## AMENDMENT BY DEFENDANT NEW YORK CITY
## i.e., MONELL CLAIM

73    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

74    That the plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

75    Defendant NYC and unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiffs' rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

76    Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the use of excessive and unreasonable force.

77    Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by illegal entries and searches of homes.

78    That the defendant municipality, NYC, alerted to the possible use of excessive force by its police officers, and in particular, the defendants in the instant matter, by repeated complaints of the use of excessive force by these officers, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of said police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

79    That the defendant municipality, NYC, alerted to repeated illegal entries and searches by its

officers, and in particular, the defendants in the instant matter, by repeated complaints, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of said police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

80      That the defendant NYC intentionally operates an ineffective Civilian Complaint Review Board, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

81      That the defendant NYC intentionally operates an ineffective Internal Affairs Department of the City's police department, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

82      That as a result of NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to and did in fact violate the plaintiffs' rights via using excessive force and illegally entering and searching plaintiffs' home.

83      That by reason of the aforesaid, the plaintiff Tyrell Michael Garcia has been damaged in a sum not to exceed ONE MILLION FIFTY THOUSAND ($1,050,000.00) DOLLARS, and that the plaintiff Dorothy Garcia has been damaged in a sum not to exceed ONE HUNDRED AND FIFTY THOUSAND ($150,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TYRELL MICHAEL GARCIA
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH
## AMENDMENT BY DENIAL OF TIMELY MEDICAL CARE

84      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

85      That the plaintiff Tyrell Michael Garcia's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the

defendants who intentionally denied him timely medical care.

86      That the defendants knew plaintiff was bleeding and in pain, but in an effort to coverup their actions in gratuitously beating plaintiff they intentionally and with deliberate indifference to his condition denied him access to timely medical care.

87      That when the plaintiff was in custody he was unable to procure medical help for himself, and thereby, a corresponding obligation to provide such help arose on the part of the defendants.

88      That by reason of the aforementioned, plaintiff was forced to suffer for additional time, bleed for additional time, endure pain for additional time, endure anxiety for additional time as well as other emotional and physical harms due to defendants' intentionally and consciously denying him timely care.

89      That by reason of the aforesaid, the plaintiff been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000.00) DOLLARS, he is entitled to an award of punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF TYRELL MICHAEL GARCIA VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT BY A MALICIOUS PROSECUTION

90      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

91      That the plaintiff Tyrell Michael Garcia's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was maliciously prosecuted by the defendants.

92      That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

93      That by reason of the unlawful malicious prosecution, the plaintiff was subjected to

pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, and he was subjected to numerous other harms.

94      That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

95      That defendants Unidentified New York City Police Officers who are supervisors within the defendant NYC's Police Department, who knew of the malicious prosecution and continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment.

96      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE HUNDRED THOUSAND($300,000.00) DOLLARS, he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

        **WHEREFORE**, plaintiffs demand judgment against the defendants in a sum not to exceed ONE MILLION  ($1,000,000.00) DOLLARS and punitive damages on the First Cause of Action; in a sum not to exceed ONE MILLION  ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; in a sum not to exceed FIFTY THOUSAND ($50,000.00) DOLLARS and punitive damages on the Third Cause of Action; in a sum not to exceed  ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the  Fourth Cause of Action; in a sum not to exceed ONE HUNDRED THOUSAND  ($100,000.00) DOLLARS and punitive damages on the Fifth Cause of Action; in a sum not  to  exceed ONE MILLION FIFTY THOUSAND ($1,050,000.00) DOLLARS (for  Tyrell Michael Garcia); in a sum not to exceed ONE HUNDRED  AND FIFTY THOUSAND ($150,000) DOLLARS on the Sixth Cause of Action;  in a sum not to exceed TWO HUNDRED THOUSAND  ($200,000.00) DOLLARS and punitive damages on the Seventh Cause of Action, and in a sum not to exceed THREE HUNDRED THOUSAND  ($300,000.00) DOLLARS (for

Tyrell Michael Garcia) and punitive damages on the Eighth Cause of Action and that plaintiffs are entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on their federal causes of actions, together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:  February 19, 2008
        New York, New York

_____
FRED LICHTMACHER (FL-5341)
Attorney for Plaintiffs
The Empire State Building
350 5th Avenue Suite 7116
New York, New York 10118
(212) 922-9066

To:     Michael Cardozo
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007