UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TYRELL MICHAEL GARCIA and
DOROTHY GARCIA,

          Plaintiffs,  **STIPULATION & ORDER**
     -against-       **OF CONFIDENTIALITY**

                07-CV-10441 (TPG) (JCF)

NEW YORK CITY,
DETECTIVE SEAN WARD of the 105th precinct,
DETECTIVE GEORGE GELADO of the
QUEENS FELONY WARRANT SQUAD, POLICE
OFFICER BENJAMIN COLECCHIA SHIELD #22428,
DETECTIVE HASSAN HAMDY SHIELD #26238,
DETECTIVE BRIAN DALY, SHIELD #91345
and UNIDENTIFIED POLICE OFFICER,

          Defendants.
----------------------------------------X

  **WHEREAS**, plaintiffs Tyrell Michael Garcia and Dorothy Garcia have sought certain documents from defendant City of New York concerning the personnel records of Detectives Sean Ward and George Gelada pursuant to plaintiff's discovery demands in this action; documents which defendant deems confidential; and

  **WHEREAS**, defendant objects to the production of this information unless appropriate protection for their confidentiality is assured;

  **NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

  1. As used herein, without waiving any objections defendant might seek to interpose regarding production of this information, "Confidential Materials" shall mean: (1) any above-mentioned officers' performance evaluations and any other personnel records; and (2) any other documents that may, during this litigation, be designated as "Confidential Materials" by defendant. Such documents and information shall not be deemed "Confidential Materials" to the

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/08

extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendant, or (b) are otherwise publicly available.

2. Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Plaintiff shall not disclose the Confidential Materials to any person, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure is made for plaintiff's eyes only and the documents described in Paragraph 1 are not to be shared, disclosed or distributed with any individual who is not a party to this litigation.

   c. Disclosure before trial may be made to an investigator who has been retained or specially employed by plaintiff in anticipation of litigation or preparation for this action, or to the Court.

   d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

4. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such portion of the testimony, together with such portion of any exhibits referred to therein, shall be

2

separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5.  If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6.  Within 30 days after the termination of this case, including any appeals, the "Confidential Materials," including such portion of all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendant's attorneys or, upon their consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant's attorney.

7.   Nothing in this Order shall be construed to limit defendant's use of the Confidential Materials in any manner.

Dated: New York, New York
July 9, 2008

FRED LICHTMACHER ESQ.
*Attorneys for Plaintiff*
The Empire State Building
350 5th Avenue Suite 7116
New York, New York 10118

By: _____
    FRED LICHTMACHER

MICHAEL CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 3-192
New York, New York  10007

By: _____
    AFSAAN SALEEM
    Senior Counsel
    Special Federal Litigation Division

SO ORDERED:

_____ 7/10/08
THOMAS P. GRIESA, U.S.D.J.
**LAURA TAYLOR SWAIN U.S.D.J.**
Part I

4

EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Order dated _____, 2008, entered into the action entitled <u>Tyrell Michael Garcia, et. al. v. City of New York, et al.</u>, 07-CV-10441 (TPG) (JCF), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____    Signature: _____

Print Name: _____

Occupation: _____